**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1149-15T2

IN RE APPLICATION FOR
PERMIT TO CARRY A HANDGUN
OF JAMES L. MCFADDEN

Submitted June 7, 2017 — Decided July 24, 2017

Before Judges Alvarez and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Union County.

Roberts & Teeter, attorneys for appellant James L. McFadden (Michael B. Roberts, on the brief).

Grace H. Park, Acting Union County Prosecutor, attorney for respondent, State of New Jersey (Milton S. Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

James L. McFadden, a licensed security officer, appeals a Law Division judge's October 20, 2015 order denying his application for a permit to carry a firearm in conjunction with his employment with Triple Canopy, a security firm. We affirm.

McFadden's application was approved by the chief of the Hillside Police Department. The Law Division judge's denial was

accompanied by a written statement of reasons. He said that the law "reject[s] the notion that employees of private security firms have a 'preferred right' to a permit to carry because of their work-related status." The judge also said that N.J.S.A. 2C:58-4(d) provides that an applicant for a permit to carry a handgun must demonstrate a justifiable need. In making the determination, a court must decide if the applicant is subject to a substantial threat of serious bodily harm, or if carrying a handgun is necessary to reduce the threat of unjustifiable serious bodily harm to any person. Since the "bare statements" in McFadden's application said, in general terms, only that he was "subject to a substantial threat of serious bodily harm," the judge found that the information did not meet the standard for the issuance of a permit to carry.

Included in McFadden's appeal appendix is a barely legible form letter. In the letter, the author, presumably an employee of Triple Canopy, states that the company contracts to provide security services for federal buildings, and that because of the current climate, the protection of a federal building requires that security officers be armed. No specifics are given either as to the precise nature of the contract, although examples of buildings to be protected are enumerated, nor is McFadden's precise role described.

On appeal, McFadden states that the letter sufficed to demonstrate a justifiable need to carry a handgun, that the law of the case applied because McFadden in past years had been issued a permit to carry in conjunction with his security work, and that collateral estoppel required he be issued such a permit. The contentions that prior permits raised issues regarding the law of the case as well as collateral estoppel in this scenario are so lacking in merit as to not warrant discussion in a written opinion. R. 2:11-3(e)(2). McFadden also asserts that he was entitled to a hearing in the matter, although it is not certain that the request was ever made other than in this appeal.

It is clear, however, that before a permit to carry a handgun will be issued to a security employee, N.J.A.C. 13:54-2.4(d)(2) requires that he or she demonstrate need. This requires a showing that in the course of performing statutorily authorized duties, the applicant is subject to a substantial threat of serious bodily harm. Ibid. Issuance of a permit may be appropriate where the applicant can demonstrate that carrying a handgun is necessary to reduce the threat of unjustifiable serious bodily harm to anyone. Ibid.

The letter was signed by McFadden and a representative of Triple Canopy and notarized, but it was not in the form required by Rule 1:4-4(a). It is not clear if the attachment was intended

to comply with <u>Rule</u> 1:4-4(b), as although the document states only that "[t]he undersigned hereby certify that all statements contained in this letter are true." The certification did not comply with 1:4-4(b) because it did not include the phrase included in the rule regarding the applicant's knowledge regarding the consequences for willfully false statements.

We have considered the arguments made by McFadden, and in light of our review of the record and the applicable principles of law, we simply do not agree that the bare bones letter attached sufficed to meet the requirements of <u>N.J.A.C.</u> 13:54-2.4(d)(2). Generalized statements regarding threats to national security are simply not enough.

We agree with McFadden that the Law Division judge incorrectly stated that the court in <u>In re Preis</u>, 118 <u>N.J.</u> 564 (1990), applied the standard from <u>Siccardi v. State</u>, 59 <u>N.J.</u> 545 (1971), to security agency employees. The <u>Preis</u> Court included the proposition from <u>Siccardi</u> merely to explain the <u>Siccardi</u> rule, which applies to private citizens. <u>Preis</u>, <u>supra</u>, 118 <u>N.J.</u> at 571.

Regardless, this misstatement of the law is ultimately harmless. The trial court was correct in holding that McFadden did not provide the necessary information in order to establish that he had a justifiable need to carry a handgun. It is not enough for courts to issue handgun permits to carry to an

individual because his or her employer, a security agency, believes that there is a generalized urgent need for protection.

With regard to McFadden's request for a hearing, it is not at all clear from our review of the record if that issue was ever raised to the trial court. We therefore do not consider this request. We deny McFadden's appeal, without prejudice to any future right to make a further application correctly supported with information that satisfies the regulation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1149-15T2